Filed 8/18/21  P. v. Powell CA2/7

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

| | |
|---|---|
| THE PEOPLE, | B304587 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. TA101113) |
| v. | |
| MICHAEL ANTHONY POWELL, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, H. Clay Jacke II, Judge.  Affirmed.

Stephen Temko, under appointment by the Court of Appeal, for Defendant and Appellant.

Matthew Rodriguez, Acting Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, Amanda V. Lopez and Viet H. Nguyen, Deputy Attorneys General, for Plaintiff and Respondent.

_____

# INTRODUCTION

A jury convicted Michael Powell under the provocative act doctrine of the murder of Dennis Smith.  Twenty years later, Powell filed a petition for resentencing under Penal Code section 1170.95,[1] which authorizes certain defendants convicted of felony murder or murder under the natural and probable consequences doctrine to petition for recall of their sentences and resentencing.  Powell argues that, although he was not convicted of felony murder, he was convicted of something similar.  Similar, however, is not the same.  Therefore, we affirm.

# FACTUAL AND PROCEDURAL BACKGROUND

A.      *Powell and Smith Try To Rob a Store; Smith Is Killed*

In March 1999 Powell, armed with a gun and a magazine of bullets, and Smith entered a price-point retail store that historically sold merchandise for less than one dollar.  As they tried to rob the store, Powell and Smith fought with the store manager and one of her grandsons.  Another grandson got a gun from the manager's purse and shot at the two would-be robbers, killing Smith.  (*People v. Powell* (July 16, 2001, B139146) [nonpub. opn.] (*Powell I*).)

---

[1]      Statutory references are to the Penal Code.

B.    *A Jury Convicts Powell of Provocative Act Murder*

In October 1999 a jury convicted Powell of first degree murder under the provocative act doctrine[2] and found true the allegation he committed the murder during an attempted robbery, within the meaning of section 190.2, subdivision (a)(17).[3] The jury also convicted Powell of attempted robbery and found true allegations he personally used a firearm, within the meaning of section 12022.53, subdivision (b).  The trial court sentenced Powell to a prison term of life without the possibility of parole, plus 10 years for the firearm enhancement.  We affirmed, holding that substantial evidence supported Powell's murder conviction and that the trial court properly sentenced Powell to life in prison

---

[2]    "The provocative act doctrine does not define a crime. . . . Rather, 'provocative act murder' is a descriptive term referring to a subset of intervening-act homicides in which the defendant's conduct provokes an intermediary's violent response that causes someone's death."  (*People v. Gonzalez* (2012) 54 Cal.4th 643, 649, fn. 2; see *People v. Concha* (2009) 47 Cal.4th 653, 663 ["The words 'provocative act murder' are merely shorthand used 'for that category of intervening-act causation cases in which, during commission of a crime, the intermediary (i.e., a police officer or crime victim) is provoked by the defendant's conduct into [a response that results] in someone's death.'"].)

[3]    Section 190.2, subdivisions (a)(17) and (d), provide for punishment by death or life imprisonment without parole for a defendant convicted of murder who participated in a robbery or attempted robbery, if the defendant acted with reckless indifference to human life and was a major participant in the robbery or attempted robbery.  (See *People v. Williams* (2020) 57 Cal.App.5th 652, 659; *People v. Douglas* (2020) 56 Cal.App.5th 1, 7.)

without the possibility of parole under section 190.2, subdivision (a)(17). (*Powell I*, *supra*, B139146.)

C. *The Superior Court Denies Powell's Petition Under Section 1170.95*

In 2019 Powell, representing himself, filed a four-page, typed petition for resentencing under section 1170.95 (with exhibits), stating that he was convicted of first degree murder under a felony-murder or natural and probable consequences theory and that he could not be convicted of murder under current law. Powell asked the court to hold a resentencing hearing and to release him. The superior court found Powell had stated a prima facie case for relief, appointed counsel for him, and set the matter for a hearing under section 1170.95, subdivision (d).

The prosecutor argued, among other things, that the People did not rely on a felony-murder or natural and probable consequences theory and that section 1170.95 "does not apply to provocative act murder." Counsel for Powell argued that the provocative act murder "doctrine is an offshoot of the felony-murder rule" and that it would be "an unjust result if our Legislature were to abolish the felony-murder rule, but leave one of its descendants to stand . . . ." Counsel for Powell argued that, if Smith "had pulled the trigger of a gun and killed the shopkeeper or her grandson or her nephew, Mr. Powell would be sitting before this court eligible for resentencing and in all likelihood receiving a new sentence."

The court denied the petition, ruling Powell was ineligible for resentencing under section 1170.95. The court stated: "Much was made of the similarity between provocative act and natural

and probable consequences. However, similar to, is not the same as. Thus, [Powell] was not convicted based upon the felony murder rule nor by the doctrine of natural and probable consequences. Further, [Powell] could be convicted of murder under [current] law . . . ." Powell timely appealed.

## DISCUSSION

A. *Senate Bill No. 1437 and the Section 1170.95 Petition Procedure*

Senate Bill No. 1437 amended sections 188 and 189 to eliminate the natural and probable consequences doctrine as a basis for finding a defendant guilty of murder (*People v. Gentile* (2020) 10 Cal.5th 830, 838-839 (*Gentile*)) and significantly narrowed the felony-murder exception to the malice requirement for murder. (§§ 188, subd. (a)(3), 189, subd. (e); see *People v. Lewis* (July 26, 2021, S260598) ___ Cal.5th ___, ___ [2021 WL 3137434, p. 1] (*Lewis*).) Senate Bill No. 1437 also authorized, through new section 1170.95, an individual convicted of felony murder or murder under a natural and probable consequences theory to petition the sentencing court to vacate the conviction and for resentencing on any remaining counts if he or she could not have been convicted of murder because of Senate Bill No. 1437's changes to the definition of murder. (See *Lewis*, at p. ___ [p. 2]; *Gentile*, at p. 853.)

If the petition contains the information required by section 1170.95, subdivision (b), and the court, following the procedures in section 1170.95, subdivision (c), determines the petitioner has made a prima facie showing he or she is entitled to relief, "the court shall issue an order to show cause." (§ 1170.95,

5

subd. (c); see *Lewis*, *supra*, ___ Cal.5th at p. ___ [p. 3].)  If the court issues an order to show cause, the court must hold an evidentiary hearing to determine whether to vacate the murder conviction, recall the sentence, and resentence the petitioner on any remaining counts.  (§ 1170.95, subd. (d)(1); see *Lewis*, at p. ___ [p. 3].)  The prosecutor and the petitioner may rely on the record of conviction or offer new or additional evidence to meet their respective burdens.  (See *Lewis*, at p. ___ [p. 3]; *Gentile*, *supra*, 10 Cal.5th at pp. 853-854.)

B.    *Powell Has Not Shown the Superior Court Erred in Denying His Petition Under Section 1170.95*

Powell "recognizes that section 1170.95 is limited to those defendants who were convicted of felony murder or convicted under the natural and probable consequences doctrine.  In response, [he] argues that he was in effect convicted of felony murder, and not provocative act murder, due to the inadequate jury instructions."  Powell does not argue he is entitled to relief under section 1170.95 because he was convicted of murder under a natural and probable consequences theory.[4]

As discussed, section 1170.95 allows defendants who have been convicted of felony murder to petition for resentencing.  The

---

[4]    The trial court instructed the jury that an "intentional provocative act" meant (1) the "act was intentional," (2) the "natural consequences of the act were dangerous to human life," and (3) the "act was deliberately performed with knowledge of the danger to, and with conscious disregard for human life."  Powell does not argue that "natural consequences" meant "natural and probable consequences" or that, under this instruction, he was convicted of murder under a natural and probable consequences theory.

record of conviction here shows, and Powell does not dispute, the trial court did not instruct the jury on, the prosecution did not argue Powell was guilty of, and the jury did not convict Powell of, felony murder. Therefore, even if, as Powell argues, he could not now be convicted of provocative act murder because of the changes to sections 188 and 189, he "would still be ineligible for relief under section 1170.95 because he was not originally 'convicted of felony murder . . . .'" (*People v. Johnson* (2020) 57 Cal.App.5th 257, 269.) Because Powell was not convicted of felony murder, he has not shown the superior court erred in denying his petition under section 1170.95. (See *Johnson*, at p. 266 [defendants could not "seek relief under the felony-murder provision of section 1170.95" because they "were convicted of provocative act murder, not felony murder"].)

Powell argues that the trial court failed "to instruct the jury the provocative act had to be more than the robbery" and that, "when the trial court fails to instruct the jury that the robbery itself could not be used as the provocative act, a conviction for provocative act murder is nothing more tha[n] felony murder because the jury could have inferred malice from the defendant's participation in the robbery." According to Powell, "failing to instruct the jury the provocative act had to be more than the robbery itself allowed the jury to find [him] guilty of a crime more closely akin to felony murder than provocative act murder because the jury could infer malice from the commission of the felony."

It is true provocative act murder requires an act "that goes beyond what is necessary to accomplish an underlying crime and is dangerous to human life because it is highly probable to provoke a deadly response." (*People v. Gonzalez* (2012) 54 Cal.4th

7

643, 655.)  But the trial court instructed the jury on that very principle.  We held in *Powell I* "the jury was properly instructed a 'provocative act' must be something more than an act inherent in the underlying felony." (*Powell I*, *supra*, B139146.)  We stated in *Powell I* that the court's instruction on provocative act murder was "a correct statement of the law" that properly told the jurors "the provocative act [had to] be something beyond the robbery itself." (*Ibid*.)  And, even if Powell's argument had merit, that would not change the fact he was not convicted of felony murder.

Finally, Powell argues that, "even if section 1170.95 does not apply to provocative act murder, the section unquestionably applies to [his] first degree murder conviction because that conviction was based on felony murder.  The jury used the fact that the murder occurred during the commission of a robbery to elevate the conviction to first degree murder."  Again, Powell was convicted of first degree provocative act murder, not first degree felony murder.  "The mere fact that a second degree provocative act murder may be elevated to first degree murder pursuant to felony-murder principles neither intertwines provocative act murder with felony murder nor transforms the former into the latter. . . ." (*People v. Swanson* (2020) 57 Cal.App.5th 604, 616, review granted Feb. 17, 2021, S266262; see *People v. Johnson*, *supra*, 57 Cal.App.5th at p. 266 [rejecting the argument that, "[e]ven though he was not convicted of felony murder," a defendant "is eligible for relief under section 1170.95 because the felony-murder rule was invoked to determine the degree of the murder, i.e., murder of the first degree"].)

8

## DISPOSITION

The order denying Powell's petition for resentencing under section 1170.95 is affirmed.

SEGAL, Acting P. J.

We concur:

FEUER, J.

IBARRA, J.*

_____

*     Judge of the Santa Clara County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.